THE STATE ex rel. HOLSTON vs. THE COMMISSIONERS OF THE
PUBLIC LANDS.

*October 1 — October, 14, 1884.*

*Public lands — Withdrawal from sale.*

The commissioners of the public lands may withhold lands from *public sale* either before or after advertisement; but after lands have once been offered at public sale, or after being forfeited have been reoffered at such sale, and remain unsold, they are subject to *private sale* and cannot be withdrawn therefrom. R. S. secs. 207, 211.

MANDAMUS to the Commissioners of the Public Lands.

The petition for the writ sets forth, among other things, that on January 21, 1884, the relator made application as required by law for the purchase at private sale of certain school lands therein described, situate in the county of Ashland; that said lands were subject to private sale; and that the application for the purchase thereof was refused by the commissioners. An alternative writ was issued commanding the commissioners to sell the lands to the relator or show cause to the contrary, etc. The substance of the return of the commissioners to the writ is stated in the opinion. The relator demurred to the return.

For the relator there was a brief by *Tenney & Bashford,* and oral argument by *Mr. Bashford.*

For the respondents the cause was submitted on the brief of the *Attorney General.*

COLE, C. J. In their return the commissioners admit that the lands in question had once been offered at public sale, had been sold and forfeited, and had been reoffered at public sale and remain unsold. They further admit that the relator took the necessary steps, and made tender and deposit of the necessary money, to enter and purchase the lands, if the same had been or were for sale at the time. But the

commissioners deny that the lands were subject to entry or private sale, because, as they state, the commissioners of public lands, by an order duly made and recorded in their office, dated on the 21st day of December, 1880, did, pursuant to legal authority vested in them, withdraw from sale the said lands until it was further otherwise ordered. It is then alleged that this order is still in full force, never having been vacated; therefore, that the lands are not now, and were not when the relator applied to enter them, subject to private entry or sale. There is the further fact stated, which doubtless had its influence in inducing the commissioners to make the order withdrawing the lands from sale, namely, that the lands were within the "Indian Reservation;" but the commissioners do not attempt to sustain or justify the order on that ground alone, but they claim that the statute vests in them a discretionary power of withdrawing the lands from sale when in their opinion it will be for the advantage of the school fund to do so; and, having exercised that discretion, this court cannot review and reverse their action in the premises. The sufficiency of the return, therefore, depends upon the question whether the commissioners have the power claimed. On that question we are clearly of the opinion that the statute vests in them no such power; consequently that the return is insufficient in law.

Sec. 207, R. S., in substance provides that all public lands not theretofore offered for sale, or not purchased under the preemption rights provided by law, shall, from time to time, in the discretion of the commissioners, be offered for sale at public auction as therein provided; and that no such lands shall be subject to private entry until they shall have first been offered for sale at public auction. "All such sales shall be made at such times and public places as the commissioners shall designate; and they shall, previously to any such sale, cause a notice thereof, specifying the time and place of such sale, to be published once in each week, etc.

. . . Said commissioners may, in their discretion, either before or after advertisement of sale, withhold from such sale such portions of said lands as, in their opinion, it may not be advantageous to sell, and for so long a time as, in their opinion, it will be most beneficial to the funds to be derived from such sale."

Sec. 211, R. S., provides that " all public lands which shall have been once offered at public sale and remain unsold, and all such lands that have been forfeited, if they shall have been reoffered at public sale and remain unsold, shall be subject to private sale, at the minimum price fixed therefor by law, to the person first making application therefor, provided he forthwith comply with the terms of sale."

These are all of the provisions of the statute which it is necessary to consider. It will be observed that the first provision — with some exceptions which have nothing to do with this case — absolutely requires that all public lands shall be offered for sale at public auction before they are subject to private sale. This is the policy of the law. The commissioners have full discretion as to when the lands shall be first offered for sale at public auction; they also have discretion, after lands have been so advertised for sale, to withhold such portions as in their opinion it may not be advantageous to sell. But there their discretion in the matter ends. It is claimed on the part of the commissioners that the words " before or after advertisement of sale " cannot and should not be construed as restricting the power of the commissioners to the case where the lands are first offered for sale, but that it is a continuing power which may be exercised in respect to any lands which remain unsold. But the radical difficulty with that view is that it is in direct conflict with the plain reading of the other provision that declares that all public lands which have once been offered for sale and remain unsold, and all such lands as have been forfeited,— if they have been reoffered at public

sale and remain unsold,— shall be subject to private sale at the minimum price fixed by law. This places the lands in the market subject to private sale, and so they remain until sold.

But it is said the language "shall be subject to private sale" should be construed so as to qualify the clause and make it read, "providing the commissioners have not withdrawn such lands from sale." In other words, we are asked to construe the clause as though it read, "such lands shall be subject to private sale or not within the discretion of the commissioners;" for this is what it would amount to by that interpretation. But it is obvious that this would be importing into the clause a material and important qualification or condition which the legislature has not seen fit to place there. The language of the law is that forfeited lands, as these are, which have been reoffered at public sale, shall be subject to private sale. The law gives a party who complies with its conditions the absolute right to enter such lands at private sale. If the legislature had intended to make that right subject to a discretionary power in the commissioners to withdraw them from market, it is reasonable to presume it would have said so. In the first provision the legislature clearly prescribes when the commissioners may exercise their discretion. They may withhold the lands from public sale either before or after advertisement. But when they have once been offered at public sale, or have been forfeited and reoffered at such sale, and remain unsold, they are then in the market, and cannot be withdrawn therefrom by the commissioners.

The attorney general argues that there is no good reason why the commissioners should not have and exercise the discretionary power of withdrawing lands from sale as well after they have once been offered at public auction as before they have been so offered. But the reason which occurs to us is that the legislature has given the discretion which may

be exercised in the latter case, but not in the former.   Possibly, the legislature did not deem it wise to vest in the commissioners the discretionary power of withdrawing lands from market which had become subject to private entry. Such a law might open the door to favoritism, or to the imputation of favoritism when impartially administered.   Of course, we must construe the law as we find it, and if the legislature consider it politic and wise to vest the commissioners with power to withdraw from market any of its public lands which remain unsold, it can so provide.

It is attempted to draw an argument to sustain the power of the commissioners from the law as it stood prior to the revision of 1878.   But, without dwelling on the point, we say that in our judgment no aid can be derived from that source in support of the respondent's contention.

The demurrer to the return must be sustained, but with leave to the respondents to amend if they so desire.

*By the Court.*— It is so ordered.

An application for a peremptory writ was granted November 29, 1884.